UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONJA JACKSON AND<br>KEVIN JACKSON, SR. | CIVIL ACTION |
| VERSUS | NO. 07-8583 |
| STATE FARM FIRE AND<br>CASUALTY COMPANY | SECTION: "C" (1) |

## ORDER

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiffs filed suit in state court for wind damages caused by Hurricane Katrina and allegedly due under their insurance policy with the State Farm. The defendant removed based on diversity. Subsequently, the plaintiffs have expressed willingness to enter a "binding stipulation" that the amount in controversy does not exceed $75,000. In addition, the plaintiffs state that they have received an "oral estimate" of $72,500 to repair all the damage to their home, which includes flood damage.[1] Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). It is the recognized burden of the party

---

[1] Plaintiffs appear to concede they cannot recover flood damage from State Farm.

1

invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.*

State Farm's assertions are insufficient to invoke diversity jurisdiction. Because the property has not been identified as a total loss, the policy limits are an inappropriate guide for determining the jurisdictional minimum. Thus, the Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. It is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. Finally, the plaintiffs' willingness to enter a "binding stipulation" is strong evidence that the amount in controversy on the date of removal was less than the jurisdictional minimum. Thus, the Court finds that the defendant has failed to meet its burden of proof under these circumstances.

Moreover, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller, & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE